JUDITH J. MERCURIO *vs.* FRANCIS J. SMITH & others.[1]

Norfolk. February 12, 1987. — June 15, 1987.

Present: GREANEY, C.J., BROWN, & DREBEN, JJ.

*Real Property*, Boundary. *Practice, Civil*, Findings by judge, Parties. *Collateral Estoppel.*

In an action arising from conflicting boundary claims by the respective owners of two lots, both of which had been conveyed in accordance with the same inaccurate plan, the judge was not plainly wrong in selecting, from the two solutions proposed, the one which would require the fewer adjustments to the boundaries of other lots. [331-332]

This court noted that, on a showing of clear and convincing need in future litigation to settle the boundaries of numerous lots depicted in a certain inaccurate plan, equitable considerations might permit relitigation of issues determined in a boundary case in which the owners of only two of the lots had been parties. [332]

CIVIL ACTION commenced in the Superior Court Department on February 5, 1982.

The case was heard by *George N. Hurd, Jr.,* J.

*Colette Manoil* for the plaintiff.

*Treazure R. Johnson* for the defendants.

DREBEN, J. This action was brought in the Superior Court by the plaintiff against the owners of a neighboring lot to preclude them from using a portion of an asphalt driveway. The plaintiff claims that thirty-four feet of the driveway are located on her land. Both lots front on Lisle Street in a development in Braintree. See the appended diagram. The deed to the plaintiff, owner of lot 62, and the deed to the defendants, the

---

[1] Ann N. Smith and Ruth E. Cudmore.

owners of lot 61, specifically refer to a plan known as the Wheelock Plan.[2]

Unfortunately, the Wheelock Plan was inaccurate and expert witnesses (surveyors) for the plaintiff and the defendants agree that the distance shown on the plan between lots 60 and 75 on Lisle Street is underestimated by about fifteen feet. In other words, the distance along Lisle Street of those lots is approximately fifteen feet more, when measured on the ground, than as shown on the Wheelock Plan. (The appended diagram only shows lots 60-63 and does not show the location of lots 64-75 which are further along on Lisle Street.)

Almost all of the testimony concerning lot boundaries came from the parties' experts. The plaintiff's expert, a surveyor named Cameron, testified that the additional footage should be added to lot 67. If the footage is so added, the disputed portion[3] of the driveway would be within lot 62, the plaintiff's

---

[2] Neither the deed to the plaintiff nor the deed to the defendants described the frontage on Lisle Street with reference to any point on that street. The description in the deed to the plaintiff is as follows:

> "The land with the buildings thereon situated in Braintree, Norfolk County, Massachusetts, being shown as Lot 62 on a Plan of Lisle Street, Braintree, Massachusetts, by Wheelock Associates, dated Sept. 26, 1962, filed with Norfolk Registry of Deeds as No. 700 of 1963, Plan Book 215, bounded and described according to said plan as follows:
>
> NORTHWESTERLY  by Lisle Street, 125 feet;
> NORTHEASTERLY  by Lot 63, 132.21 feet;
> SOUTHEASTERLY  by land now or formerly of Frank E. & Mary P. Murphy, John L. & Irene F. Sullivan, and Edward E. and Anna M. Kenney, 125 feet;
> SOUTHWESTERLY  by Lot 61, 130.01 feet.
>
> AREA                 16,375 square feet."

The description in the deed to the defendants is as follows:

> "Land with the buildings thereon situated on Lisle Street, Braintree, Norfolk County, Massachusetts, shown as Lot No. 61 on a plan entitled 'Plan and Profile Lisle St. Braintree, Mass.' recorded at the Norfolk County Registry of Deeds in Plan Book 215, Plan No. 700 of 1963."

[3] A partial summary judgment entered in an earlier phase of this proceeding determined that about nineteen feet of the driveway are on the plaintiff's

lot. The defendants' expert, on the other hand, testified that there would be less distortion of the Wheelock Plan and less deviation from the descriptions in the deeds, particularly of the side boundaries, if the fifteen feet were added to lot 60. If the correction were made to lot 60, the disputed portion of the driveway would be within lot 61, the defendants' lot.

On this conflicting testimony, the judge found that the frontage of lot 60 along Lisle Street was incorrectly calculated on the Wheelock Plan and should be corrected to show an additional fifteen feet. This finding led to the conclusion that the portion of the driveway claimed by the plaintiff to be on her land belongs to lot 61, the defendants' lot. A judgment entered that the disputed portion of the driveway was located on the defendants' lot.

In her appeal, the plaintiff argues that the findings and judgment are not binding on all affected parties, namely the other lot owners on Lisle Street, and that the judgment needlessly creates uncertainty as to the boundaries of these other lots. She also claims that the judgment threatens to deprive her of fifteen feet of frontage.[4]

The plaintiff is quite right that the decision does not bind persons whom she did not make parties to this litigation. What she fails to acknowledge is that the judge specifically found that the plan of her expert (Cameron) "would create confusion and necessitate a probable resurvey of . . . lots" 60 through 75. The judge also found that the plan followed by the defendants' expert requires fewer boundary adjustments. While the judge may have underestimated the adjustments needed if the plan of the defendants' expert were followed, his choice of that plan, rather than that of the plaintiff's expert, to determine the present controversy is not clearly erroneous. Since any decision as to the disputed fifteen feet requires correction of the Wheelock Plan, some uncertainty in the boundaries of a number

land. That portion of the driveway has been removed and is not now involved. This appeal concerns the remaining fifteen feet.

[4] This is because the defendants' surveyor, by adding fifteen feet to lot 60, also adds fifteen feet to lot 62 from lot 63. See diagram. The owner of lot 63 is not a party to this action.

of the lots on Lisle Street is inevitable. There was evidence warranting a finding that, of the two plans, the defendants' would cause less deviation from the Wheelock Plan and would require fewer adjustments in the boundaries of the lots.

We note that although the plaintiff and her successors in title as well as the defendants and their successors in title are bound by the decision as to the ownership of the driveway strip, the principles of issue preclusion are not so rigid as the plaintiff suggests. If there are future proceedings involving the owners of other lots on Lisle Street, for example, proceedings for registration of title or petitions for confirmation of title, and the plaintiff or the defendants can demonstrate that there is a clear and convincing need for a new determination of the sideline boundaries between lots 61 and 62 (other than the driveway strip), equitable considerations may permit less stringent application of the normal rules of issue preclusion. See Restatement (Second) of Judgments § 28 (5) (a) & comment g (1982).[5]

The other contentions of the plaintiff are without merit as there is ample support in the record for the judge's findings that the plaintiff is not entitled to damages or attorney's fees.

*Judgment affirmed.*

---

[5] Section 28 provides that "relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances: . . . (5) There is a clear and convincing need for a new determination of the issue (*a*) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the intitial action . . . ."

APPENDIX.

LEGEND:

Solid lines represent lots as
redrawn with lot 60 including
the additional frontage on
Lisle Street.

Dotted lines represent the lots
without the addition.

Hatched section shows the
disputed portion of the
driveway. The portion of the
driveway within the solid
lines of lot 62 has been
removed.     See note 3.